**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 3:17-cr-0026 |
| **RON DELANO KUNTZ and DEVON DAVIS,** | ) |
| **Defendants.** | ) |

## ORDER

**BEFORE THE COURT** are Defendant Ron DeLano Kuntz' ("Kuntz") Motion to Divide Restitution, filed on November 27, 2018 (ECF No. 462), and Defendant Devon Davis' ("Davis") Motion Seeking Clarification as to Restitution Payments, filed on July 22, 2020 (ECF No. 499.)[1].

On September 16, 2013, four men robbed the Gems & Gold Corner Jewelry Store ("Gold Corner") on St. Thomas, U.S. Virgin Islands, damaging store property and absconding with jewelry from the front display case. Eight co-conspirators were involved in the crime, which resulted in a financial loss of $161,350.00. Five of the defendants entered a guilty plea and three proceeded to trial.

At sentencing, the Court issued a judgment for each defendant that included a term of incarceration as well as restitution to be paid to the "Kanusing Brothers, Inc. d/b/a Gold

---

[1] The full name of Defendant Davis' motion is *Motion Seeking Clarification as to Restitution Payments for each Individual Involving Eight Defendants in the Above Case Number and Schedule of Payments.* This case originally involved seven defendants: Jarmaine Ayala, Wahilli James, Ron Delano Kuntz, Shaquielle Correa, Devon Davis, Keaon Wilson, and Shawn McIntosh. An eighth individual, Robert Brown, was also involved in the offense but was charged in a separate case. *See United States v. Brown*, Case No. 3:17-cr-0041.

*United States v. Kuntz et al.*
Case No. 3:17-cr-0026
Order
Page 2 of 3

Corner" and "Dorchester Insurance Company, LTD." In the judgment of each defendant, the Court ordered joint and several restitution in the amount of $161,350.00. Here, to the extent that the parties request clarification on the division of the restitution in the aforementioned motions, the parties are reminded that the Judgment is for joint and several restitution. Fundamentally,

> [t]he purpose of restitution . . . is to compensate the victim for its losses and, to the extent possible, to make the victim whole. *See United States v. Kress*, 944 F.2d 155, 159-60 (3d Cir. 1991). It follows, therefore, that a District Court cannot order multiple defendants to pay restitution in amounts that will result in the payment to the victim of an amount greater than the victim's loss. *See* [*United States v.*] *Gottlieb*, 140 F.3d [865], 873-74 [(10th Cir 1998)]. A District Court may, however, impose joint and several liability **on multiple defendants for restitution**, permitting the victim to recover its losses from all or some of the wrongdoers. *See United States v. Hunter*, 52 F.3d 489, 494-95 (3d Cir. 1995).

*United States v. Diaz*, 245 F.3d 294, 312 (3d Cir. 2001) (emphasis in original).

> "[J]oint and several" liability makes each defendant so charged responsible for the full amount of the restitution. The restitution obligation will not be fulfilled until the total amount is paid by someone; if [a] defendant pays more than his share, he may hold his co-defendants liable for the excess, but each defendant is responsible to the victim of the crime for the full amount.

*United States v. Lawson*, No. 96-614-01, 2000 U.S. Dist. LEXIS 17606, *2 (E.D. Pa. Nov. 15, 2000); *VP Bldgs., Inc. v. Joseph A. Cairone, Inc.,* Nos. 00-6045, 01-1033, 2001 U.S. Dist. LEXIS 15817, *13 (E.D. Pa. Sept. 27, 2001) (explaining that the judgment specifies a single sum to be repaid to the victim and that each defendant is liable for the full amount, but the victim may not collect more than the total sum of the judgment).

Here, the Court ordered joint and several restitution in the amount of $161,350.00 in the judgment of each defendant involved in the robbery. As such, this restitution obligation

will not be fulfilled until the full amount is paid by one defendant or by a combination of defendants. The judgment stands as issued.

These premises considered, it is hereby

**ORDERED** that the Motion to Divide Restitution, filed by Defendant Kuntz (ECF No. 462) is **DENIED**; it is further

**ORDERED** that the Motion Seeking Clarification as to Restitution Payments, filed by Defendant Davis (ECF No. 499) is **MOOT**; and it is further

**ORDERED** that the Clerk's Office shall serve Defendants Kuntz and Davis with a copy of this Order by certified mail return-receipt requested.

**Dated:** December 17, 2020                                /s/ *Robert A. Molloy*
                                                                                    **ROBERT A. MOLLOY**
                                                                                    **District Judge**